IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darryl Bear Eagle,<br><br>　　　　Petitioner,<br><br>v.<br><br>United States of America,<br><br>　　　　Respondent. | No. CV-15-02028-PHX-SRB (JZB)<br>　(No. CR-01-00794 PHX (SRB))<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT COURT JUDGE:

Petitioner Darryl Bear Eagle has file a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc. 1.)[1]

**I.　Summary of Conclusion**

Petitioner was sentenced to a 47-month term of imprisonment subsequent to his second violation of supervised release. After the disposition, Petitioner's counsel did not consult with Petitioner regarding an appeal. Because there was *reason to think* a rational defendant would want to appeal, counsel did not provide effective assistance. Petitioner has established there is a *reasonable probability* he would have appealed. Petitioner is entitled to have the Court vacate and reenter judgment in this case without a hearing to restore his right to appeal. Petitioner's additional claims fail.

---

[1] Citations to "Doc." are to the docket in CV-15-02028-SRB. Citations to "CR Doc." are to the docket in the underlying criminal case, CR-01-794-PHX-SRB.

## II. Procedural History

On May 13, 2002, Petitioner was convicted of CIR – Second Degree Murder in violation of 18 U.S.C. §§ 1153 and 1111 and was sentenced to the custody of the Federal Bureau of Prison's ("BOP") for a term of 168 months to be followed by a term of supervised release of 60 months. (CR Doc. 32.) On April 3, 2014, Petitioner was released from custody of BOP, but failed to report to the Probation Office within 72 hours and a warrant was issued for his arrest. (CR Doc. 36.) On July 30, 2014, after finding Petitioner violated a term of his supervision, the Court sentenced Petitioner to a term of 12 months and one day of imprisonment, with supervised release to follow. (CR Doc. 53.) After Petitioner's release, he again absconded and was arrested on March 9, 2015. (CR Doc. 61.) On May 12, 2015, after finding Petitioner violated a term of his supervision, the Court ordered Petitioner to serve a 47-month sentence of imprisonment. (CR. Doc. 67.)

On October 8, 2015, Petitioner filed the instant Motion alleging three grounds: (1) ineffective assistance of counsel to preserve appeal; (2) ineffective assistance of counsel due to abandonment; and (3) his sentence was unreasonable. (CR Doc. 70; Doc. 1.)

## III. Discussion

Under 28 U.S.C. § 2255, a federal court may vacate, set aside, or correct a federal prisoner's sentence if the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a); *Davis v. United States*, 417 U.S. 333, 344-45 (1974).

### a. Facts

On May 11, 2015, after finding Petitioner violated a term of his supervision, the Court ordered Petitioner to serve a 47-month sentence of imprisonment. (CR. Doc. 67.) The parties agree that after Petitioner's disposition, Petitioner's counsel did not consult with Petitioner regarding an appeal. (Doc. 2 at 2; Doc. 11 at 17.) It is undisputed that Petitioner did not waive his appeal rights and that he was advised of his appeal rights by the Court during the disposition hearing. (Doc. 11-1 at 5.) Petitioner does not assert he asked his attorney to file an appeal. (Doc. 2 at 3.) On May 12, 2015, the Court entered its

Disposition Order. (CR Doc. 67.) On May 13, 2015, counsel for Petitioner mailed a letter to Petitioner stating: "My appearance at the Final Disposition on Monday, concluded my representation with you under the Criminal Justice Act. Enclosed please find a copy of the Order Revoking Supervise release. It has been a pleasure to be of service to you. I wish you well in the future." (Doc. 11-1 at 5.)

### b.  Ground One: Ineffective Assistance of Counsel Regarding Appeal

Petitioner alleges counsel provided ineffective representation when counsel "failed to consult with him regarding an appeal" following his disposition. (Doc. 2 at 2.)

Generally, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim, Petitioner must show: (1) deficient performance—counsel's representation fell below the objective standard for reasonableness; and (2) prejudice—there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court extended the ineffective assistance of counsel analysis to instances where defense counsel fails to consult with a client regarding an appeal. To prevail on an ineffective assistance of counsel claim where counsel failed to consult, a defendant must demonstrate that (1) counsel's failure to consult was unreasonable, and (2) "must demonstrate that there is a reasonable probability that, but for counsel's [ineffective assistance], he would have timely appealed." *Flores–Ortega*, 528 U.S. at 484.

### i.  Counsel's performance was unreasonable.

The Court finds that counsel's conduct was constitutionally deficient because there was reason to think a rational defendant would want to appeal his term of imprisonment. Regarding counsel's performance, the Court in *Flores-Ortega* held that defense counsel:

> has a constitutional duty to consult[2] with the defendant about an appeal *when there is reason to think* either (1) *that a rational defendant would want to appeal* (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id*. at 480 (emphasis added). This Court is required to consider whether Petitioner admitted a violation of his supervised release as an indication that he sought "an end to judicial proceedings." *Id*. The Court must also consider "whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id*.

Here, there was *reason to think* that a rational defendant would want to appeal his 47-month sentence of imprisonment. The policy statement range regarding imprisonment for Petitioner's violation was 8 to 14 months imprisonment. (CR Doc. 75 at 6.) Petitioner's sentence of 47 months was more than three times the high of the recommended range.[3] Petitioner did not waive his appeal rights, and counsel argued for a sentence within the recommended range "or perhaps slightly higher than that." (CR Doc. 75 at 4.) The Supreme Court has stated it "expect[s] that courts evaluating the reasonableness of counsel's performance . . . will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal." *Flores–Ortega*, 528 U.S. at 481. This Court agrees counsel should have consulted Petitioner regarding his desire to appeal.

### ii. Prejudice

---

[2] "We employ the term 'consult' to convey a specific meaning--advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478.

[3] This Court's conclusion does not suggest Petitioner's claim would be meritorious. Numerous factors explained by the Court during the disposition support the term of imprisonment in this case. Here, Petitioner's counsel advises that "I did not discuss the possibility of an appeal with the defendant due to the fact that I was not aware of any issue upon which I believed he could succeed." (Doc. 11-1 at 5.) While counsel's statement may be correct, it is not the standard on which to decide whether counsel should have consulted with Petitioner. The question before the Court is whether there was *reason to think* a rational defendant might choose to appeal.

- 4 -

Petitioner was prejudiced by counsel's failure to consult with him about an appeal. Regarding prejudice, Petitioner "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484. "[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Id.* at 485.[4]

Importantly, a defendant is not required to demonstrate the merits of an appeal to demonstrate ineffective assistance. *See Flores-Ortega*, 528 U.S. at 486 ("[I]t is unfair to require an indigent, perhaps pro se, defendant to demonstrate that his hypothetical appeal might have had merit . . . . Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed."); *Acevedo v. Yates*, 584 F. App'x 355, 356 (9th Cir. 2014) (reversing a finding that the defendant failed to establish prejudice because "a defendant does not need to show that the appeal would have been meritorious to demonstrate prejudice, only that there is a reasonable probability that he would have appealed but for counsel's failure to consult with him about an appeal."). A showing of "nonfrivolous grounds for appeal may give weight to the contention that the defendant would have appealed." *Flores-Ortega*, 528 U.S. at 486.

Here, the Court concludes the question of prejudice is a very close one, but Petitioner has satisfied the burden to show there is a "reasonable probability"[5] that he would have appealed. First, Petitioner had a nonfrivolous ground for appeal. Petitioner's sentence of 47 months was more than three times the policy statement range of 8 to 14 months. Petitioner argues in Ground Three of the Petition that his sentence was unreasonable. Appeals challenging the reasonableness of sentences exceeding the policy statement range are commonplace in the Ninth Circuit. *See e.g.*, *United States v.*

---

[4] "We recognize that the prejudice inquiry we have described is not wholly dissimilar from the inquiry used to determine whether counsel performed deficiently in the first place; specifically, both may be satisfied if the defendant shows nonfrivolous grounds for appeal." *Flores-Ortega*, 528 U.S. at 485-486.

[5] A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

- 5 -

*Shoulder*, 562 F. App'x 581, 582 (9th Cir. 2014) (finding "a significant upward variance from the Guidelines range" was not an abuse of discretion "in light of Elk Shoulder's criminal history and breach of trust, including his repeated supervised release violations"); *United States v. Brady*, 558 F. App'x 750 (9th Cir. 2014) (finding above-Guidelines sentence of 45 months was "substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Brady's dangerousness to the community and repeated violations of supervised release"). Significantly, the Ninth Circuit has not found that such appeals are frivolous. Second, Petitioner retained his appeal rights after disposition.  Finally, Petitioner researched, wrote, and filed the instant Petition within five months of his disposition. The Court concludes there is a reasonable probability Petitioner would have appealed his term of imprisonment.

The Court is mindful that Petitioner did not tell his attorney he wished to appeal after the Court advised him of his right to appeal. "[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Flores-Ortega*, 528 U.S. at 485. But Petitioner's counsel did not meet with him after the disposition hearing, and instead sent Petitioner a letter, two days after disposition, notifying Petitioner that counsel's "appearance at the Final Disposition on Monday, concluded my representation with you under the Criminal Justice Act." (Doc. 11-1 at 5.) The Court has considered Petitioner's limited opportunity to advise his attorney after disposition that he wished to appeal.

The requirement that counsel consult with Petitioner after the imposition of a 47-month term of imprisonment is not onerous. The Court concludes there is a *reasonable probability* that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.

### iii. Remedy

Petitioner is entitled to have the Court vacate and reenter judgment in this case.

*See United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198 (9th Cir. 2005) (stating that the remedy for "vacate and reenter the judgment, allowing the appeal to proceed"); *United States v. Pearce*, 992 F.2d 1021, 1023 (9th Cir. 1993) (finding the "district court is permitted to vacate and reenter the judgment of conviction, thereby allowing a fresh appeal") (quotation and citation omitted).

### b.  Ground Two: Ineffective Assistance Due to Abandonment

Petitioner asserts counsel was ineffective and he was prejudiced "by his counsel's abandonment, thus violating his constitutional rights of due process." (Doc. 2 at 5.) Petitioner also claims that he was left "helpless to argue any post-conviction proceedings" after receiving a letter informing him that he was no longer represented by counsel. (*Id.* at 4.)

Petitioner was not abandoned by his counsel. Petitioner's counsel properly withdrew from representation after the disposition in this case.  Petitioner asserts that *Maples v. Thomas*, 132 S.Ct. 912, 923 (2012) (abandonment of a client in state postconviction proceedings may provide cause to excuse the procedural default of federal habeas claims) and *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012) (finding "procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective") support his argument. Procedural default and equitable tolling are irrelevant to Petitioner's claim.

Respondent correctly argues that Petitioner's "only real argument in this arena is simply counsel's decision to not discuss his appeal rights" with Petitioner, which has been addressed by the Court in Ground One. (Doc. 11 at 21.) Petitioner's counsel was not ineffective for withdrawing from representation of Petitioner. Petitioner's claim in Ground Two fails.

### d.  Ground Three: Unreasonable Sentence

Petitioner asserts "his sentence is unreasonable due to prejudice of his underlying conviction." (Doc. 2 at 10.) Petitioner "contends his sentence should have been held at

the lower end of the guidelines." (*Id*. at 11.) Petitioner must appeal this claim rather than request the sentencing court review its own decision. *See* § 2255 (outlining grounds for attacking a sentence); *United States v. Addonizio*, 442 U.S. 178, 184–86 (1979) (explaining that "an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice") (quotation and citation omitted). Petitioner's claim fails.

## CONCLUSION

The Court finds that the record is sufficiently developed for the Court to determine that an evidentiary hearing is not required. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (finding "a district court is not obligated to hold evidentiary hearings to further develop the factual record" when the record is "amply developed").

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 1) be **GRANTED** as to Ground One, and **DENIED** as to Grounds Two and Three.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the

District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Dated this 18th day of August, 2016.

Honorable John Z. Boyle
United States Magistrate Judge